===========================================================

# ENTRY REGARDING MOTION

===========================================================

**In re Granville Manufacturing Company, Inc.**        **Docket No. 2-1-11 Vtec**
**(Appeal from District 3 Environmental Commission determination)**

Title: Motion to Stay (Filing No. 11)

Filed: June 8, 2011

Filed By: Appellant Dan Hewitt

Response in Opposition filed on 6/17/11 by Christopher J. Nordle, Attorney for Appellee/Applicant Granville Manufacturing Company, Inc.

Reply filed on 6/23/11 by Appellant Dan Hewitt

___ Granted        _X_ Denied (in part)        _X_ Other (in part)

While not originally titled a motion to stay, we treat the majority of Appellant Dan Hewitt's filing of June 8, 2011 that is titled, "A Jurisdictional Question," as a motion to stay the state land use permit on appeal in Docket No. 2-1-11 Vtec. Within his filings, Appellant seeks a stay of what he terms the "bureaucratic process" and of the state land use permit on appeal. (See A Jurisdictional Question, filed June 8, 2011; Supplemental Response in Jurisdictional Question: Motion for Stay at 7, filed June 23, 2011).

Although the recipient of a state land use permit that is on appeal may be ill-advised to put resources into its permitted project, the issuance of a permit by a district commission is not automatically stayed upon appeal of that decision. See V.R.E.C.P. 5(e). Rather, this Court is vested with the discretion to issue a stay of the permit when "it is necessary to preserve the rights of the parties." V.R.E.C.P. 5(e); cf. V.R.C.P. 62(d)(2). In determining whether such necessity exists, the Court considers four factors: "(1) the likelihood of success of the appealing party on the merits, (2) whether the party seeking the stay will suffer irreparable injury if the stay is not granted, (3) whether the issuance of a stay will substantially harm other parties, and (4) the location of the best interests of the public." See N. Cmty. Inv. Corp. Conditional Use Application, Nos. 123-6-07 Vtec, 128-6-07 Vtec, and 152-7-07 Vtec, slip op. at 2 (Vt. Envtl. Ct. Aug. 30, 2007) (Durkin, J) (quoting In re Tariff Filing of New England Tel. & Tel. Co., 145 Vt. 309, 311 (1984)).

Here, Appellant has not referenced evidence convincing us that any of these four factors weigh in favor of staying the permit now under appeal. Appellant is correct in his inference that the applicable legal standards can be challenging for a party requesting a stay; the standards are similar to the factors a trial court considers when ruling on a motion for a preliminary injunction. Cf., e.g., State v. Glen Falls Ins. Co., 134 Vt. 443, 450 (1976); Hagan v. City of Barre, No. 320-5-09 Wncv, slip op. at 7–8 (Vt. Super. Ct. June 29, 2009) (Toor, J.). When ruling on a motion to stay a decision, we ultimately ask if a stay would "preserve the rights of the parties on terms and conditions that are fair to all" during the pendency of the appeal. See Reporter's Notes, V.R.E.C.P. 5. Appellant has not shown us that this is the case here, and thus, to the extent that he is seeking a stay of the issuance of the state land use permit to Granville Manufacturing Company, Inc., we **DENY** his motion.

Appellant's filings do raise an issue that concerns us, however. It is not clear that a district environmental commission can take actions in connection with conditions included in a state land use permit when the issuance of the permit is on appeal before this Court, even if the permit itself is not stayed. To the extent that Appellant's filings challenge the legitimacy of the District 3 Environmental Commission's actions in this regard, and seek a stay of such actions, we request input from the other parties, including the Land Use Panel of the Vermont Natural Resources Board, before responding. We request that such filings be made within 30 days of the issuance of this decision, or by Monday, August 1, 2011.

_____                    _____July 1, 2011_____
Thomas S. Durkin, Judge                                              Date

==============================================================

Date copies sent to: _____                    Clerk's Initials _____
Copies sent to:
  Appellant Dan Hewitt, Pro Se
  Attorney Christopher J. Nordle for Appellee/Applicant Granville Manufacturing Company, Inc.
  Attorney Melanie Kehne for the Vermont Natural Resources Board/Land Use Panel
  Attorney Donald J. Einhorn for the Vermont Agency of Natural Resources

==================================================================

# ENTRY REGARDING MOTION

==================================================================

**In re Granville Manufacturing Company, Inc.**          **Docket No. 2-1-11 Vtec**
**(Appeal from District 3 Environmental Commission determination)**

Title: Motion to Amend Scheduling Order (Filing No. 9)

Filed: May 20, 2011

Filed By: Appellant Dan Hewitt

Response filed on 6/1/11 by Christopher J. Nordle, Attorney for Appellee/Applicant Granville Manufacturing Company, Inc.

Reply filed on 6/6/11 by Appellant Dan Hewitt

___ Granted                ___ Denied                _X_ Other

Appellant Dan Hewitt has moved to amend the Scheduling Order, last amended April 28, 2011, by suspending the dates therein until the Court has issued decisions on Appellant's other pending motions.

Rather than suspending the dates in the Order, we ask that each party submit a proposed amended scheduling order to the Court within the next 14 days (i.e., by Friday, July 15, 2011). The Court Manager will schedule a telephonic conference to take place within the next 30 days, in order to determine a mutually-agreeable revised pre-trial schedule.

_____                    _____July 1, 2011_____
Thomas S. Durkin, Judge                                              Date

==================================================================

Date copies sent to: _____                          Clerk's Initials _____

Copies sent to:

  Appellant Dan Hewitt, Pro Se
  Attorney Christopher J. Nordle for Appellee/Applicant Granville Manufacturing Company, Inc.
  Attorney Melanie Kehne for the Vermont Natural Resources Board/Land Use Panel
  Attorney Donald J. Einhorn for the Vermont Agency of Natural Resources